## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIA L. CATTANEO,                      :
                                        :      NO:   _____
                      Plaintiff,        :
                                        :
      v.                                :
                                        :
CENTER FOR HUMANISTIC                   :
CHANGE, INC.,                           :
                                        :
                      Defendant.        :

### NOTICE OF REMOVAL

Defendant, Center for Humanistic Change, Inc., by and through its counsel, Samuel E. Cohen, Esquire and Gross McGinley, LLP, hereby files this Notice of Removal pursuant to 28 U.S.C. §1446, alleging in support thereof as follows:

1.      On or about August 19, 2015, Plaintiff Julia Cattaneo ("Plaintiff") initiated a civil action by filing a Writ of Summons against Defendant Center for Humanistic Change, Inc. ("Defendant") in the Court of Common Pleas for Northampton County, Civil Division, entitled *Julia Cattaneo v. Center for Humanistic Change, Inc.*, bearing docket number C-0048-CV-2015-7401.

2.      On November 9, 2015, Plaintiff filed a Complaint and Notice to Defend in the Court of Common Pleas and served a copy of her filing upon Defendant.  A true and correct copy of Plaintiff's Complaint and Notice to Defend to attached hereto as **Exhibit "A"** and incorporated herein by reference.

3.      Plaintiff's Complaint raises claims against Defendant for alleged violations of and retaliation under the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq.,

1

4.      Accordingly, Defendant removes this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1446.

5.      Removal is timely pursuant to 28 U.S.C. §1446(b) because 30 days have not elapsed since Defendant's receipt of the Complaint where it was first ascertained that this case is one which is removable.

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §1331 as the claims arise under the Constitution, laws, or treaties of the United States.

7.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the other claims asserted in Plaintiff's Complaint are so related to Plaintiff's claims arising under Federal law that they form part of the same case or controversy.

WHEREFORE, Defendant Center for Humanistic Change, Inc. respectfully requests that the above action now pending against Defendant in the Court of Common Pleas of Northampton County be removed from that Court to this Court.

Respectfully submitted,

GROSS McGINLEY, LLP

By: _____
SAMUEL E. COHEN, ESQUIRE
PA ID No:  204617
*Attorney for Defendant*
33 South 7th Street
PO Box 4060
Allentown, PA  18105-4060
Phone:  (610) 820-5450
Fax:     (610) 820-6006

Date: 12-4-15

2

# Exhibit "A"

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY,
PENNSYLVANIA

JULIA L. CATTANEO,   **Plaintiff**

Case No. 2015-cv-07401

vs.

CENTER FOR HUMANISTIC CHANGE, INC.,

Defendant

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE
CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN
TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY
ENTERNING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO
SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED
AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY
CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED
BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.
YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lehigh County Bar Association
1114 Walnut Street
Allentown, Pa 18102
610-433-6204

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA

JULIA L. CATTANEO,   **Plaintiff**

                                      Case No. 2015-cv-07401

    vs.

CENTER FOR HUMANISTIC CHANGE, INC.,

         **Defendant**

## COMPLAINT

Plaintiff Julia Cattaneo, by and through her undersigned counsel, hereby avers as follows:

1. Plaintiff, Julia Cattaneo (hereinafter "Plaintiff") is an individual who resides at 110 Empire Court, Bethlehem, Northampton County, Pennsylvania, 18020.

2. Defendant, Center for Humanistic Change, Inc., (hereinafter "Defendant") is an entity doing business at 100A Cascade Drive, Allentown, Lehigh County, Pa. 18109.

3. Plaintiff began her employ with the Defendant when she was hired by Center for Humanistic Change, Inc. (hereinafter "Defendant") on September 12, 2011 as an SAP Liaison/Program Specialist.

4. Plaintiff's immediate supervisor was Karen Kohn (SAP Liaison Administrator) and Defendant's Director is Mary Ellen Jackson. Ms. Jackson was hired as Defendant's new Director while the Plaintiff (who had been hired by the old director) was already employed.

5. Plaintiff had no issues and experienced no harassment prior to Jackson's hiring. Other coworkers of the Plaintiff have witnessed and commented on the unfair treatment to

which Plaintiff has been subjected, including Defendant's employees Katrina Sparozic and Shannon Malkovsky.

6. In August of 2013, Plaintiff's 12 month position was demoted to a 10 month position, also resulting in a reduction in pay. Jackson stated at the time that Plaintiff's new position did not support a 12 month salary, although Plaintiff believes and avers she was capable of doing the same work new full time hires were doing.

7. In November of 2013, both of Plaintiff's parents became ill and her father - who had been her mother's primary caregiver - passed away. Plaintiff asked for some flexibility in her scheduling so she could care for her family, which elevated tensions with Jackson. Plaintiff, upon information and belief, asserts that Jackson and other employees were routinely granted flexibility to care for children and families.

8. Throughout the remainder of 2013 into 2014, Plaintiff continued to experience a tense working environment. On multiple occasions in February, Plaintiff met with Jackson to try to smooth out tensions but this did not prove fruitful.

9. In compliance with the 10 month schedule, Plaintiff worked until July 3rd, 2014 and then began her summer break.

10. Plaintiff worked per diem, off salary, during the summer. She returned to her full time, salaried schedule on September 2, 2014. At this point, she was expected to work 10-12 hour days as part of Defendant's "Open House" schedule at the start of a school year.

11. On October 3, 2014, Plaintiff took a paid time off day. On this date, Plaintiff's ex-husband suddenly passed away. As he was the father of her two children, Plaintiff's ex-husband was an important member of the family. The Plaintiff's son lives out of state and it fell to the Plaintiff to assist her daughter in managing the estate.

12. Plaintiff took PTO time to take care of this, which further increased tensions with Jackson. Jackson commented that Plaintiff's children were adults, she implied that maybe someone was taking advantage of the situation. Plaintiff returned to work full time on October 20, 2014. Jackson emailed Plaintiff on 10/16/2014, Plaintiff's PTO time would be low upon return and any additional days would be without pay.

13. At the end of October 2014 the Plaintiff begin seeing a doctor for sleep and anxiety issues as well as for the possibility that she was suffering from fibromyalgia. She notified Jackson and the Defendant of all of her medical issues, including the fact that she was being tested for fibromyalgia. Plaintiff assured Jackson she would complete all her work but may need flexibility in scheduling. Jackson stated that the Plaintiff should do whatever she needed to do and she would afford flexibility.

14. On November 6, 2014, Jackson emailed a request that the Plaintiff schedule a meeting for the following week to discuss Plaintiff's schedule. At this meeting Jackson withdrew all flexibility in Plaintiff's schedule including unpaid time off. This increased Plaintiff's stress and anxiety; at which point her doctor placed her out on Short Term Disability starting 11/24/2014 to 1/15/2015.

15. Jackson requested the doctor complete FMLA paperwork although Jackson stated FMLA did not apply. The doctor in addition to the Short Term Disability paperwork, completed the FMLA paperwork and requested upon Plaintiff's return there would be a transition period consisting of a 32 hour work week; 4 eight hour days per week.

16. The Plaintiff was unable to return to work on January 15, 2015 as her mother was suddenly hospitalized in intensive care and Plaintiff was her power of attorney who was requested to stay at the hospital.

17. Plaintiff's mother passed away shortly thereafter.   At this time, Plaintiff had no PTO time left as Jackson had used it to supplement Plaintiff's medical leave, even though Plaintiff requested it not be used.  Jackson demanded that the Plaintiff return to work for a 40 hour work week and claimed the information from her doctor was not sufficient to grant her accommodations through the ADA.

18. Jackson refused Plaintiff's request for accommodations.

19. During this time, the Plaintiff communicated with her short term disability insurance, who continue to update Jackson.  On January 26, 2015, the Plaintiff returned to work and met with Jackson to again discuss her need for a reasonable accommodation. Plaintiff was concerned about further jeopardizing her health by violating her doctor's orders regarding a reduced 32 hour work week. She needed to have one day off per week due to the pain she was experiencing from fibromyalgia.

20. Jackson insisted that the Plaintiff get more information from her doctor and insurance, and also told her to sign a HIPPA form so Jackson could directly communicate with the Plaintiff's doctor.  The Plaintiff was not comfortable with signing a HIPPA release, as such a release would allow Jackson extensive access to Plaintiff's private medical information. Instead, Plaintiff continued to submit further questions to her doctor and insurance company and provided the responses to Jackson. This was also the suggestion of both her doctor and short term disability insurance company.

21. On January 27, 2015 the Plaintiff was scheduled to attend, as SAP Liaison, an Allentown High School SAP team meeting but the meeting was canceled due to inclement weather. Plaintiff believes and avers that on January 26th, when it looked like the weather could cancel the day, she had permission to stay home, as per discussions with Jackson.

22. Jackson emailed Plaintiff on January 27, 2015 and said (despite the canceled meeting) that if the Plaintiff did not come in, she would be resigning her position. The Plaintiff responded that she was not resigning. Jackson emailed her back with a termination letter.

23. Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission under the Americans with Disabilities Act (ADA).

24. Plaintiff exhausted her administrative remedies with the EEOC and received a Notice of Right to Sue.

25. This lawsuit was filed within ninety days of the EEOC's issuance of said Notice of Right to Sue on May 26, 2015 (See Attached).


## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. SECTION 12101 *et. seq.*

26. Plaintiff incorporates herein by reference thereto paragraphs 1 through 21 as if the same were more fully set forth at length herein.

27. Plaintiff experienced mental and physical health issues as noted above, which she brought to the attention of her employer.

28. Plaintiff believes, and therefore avers, that her mental health and physical health conditions constitute a "disability" within the meaning set forth in the Americans with Disabilities Act, 42 U.S.C. Section 12101, et seq. and 29 C.F.R. Section 1360.2 (f) and (g).

29. Plaintiff believes, and therefore avers, that pursuant to 42 U.S.C. and Section 12102(2), Plaintiff suffered from a mental health condition and physical health condition that

substantially limited one or more of her major life activities, Plaintiff has a record of such impairment, and/or Defendant regarded Plaintiff as having such an impairment.

30. Plaintiff had to take time off from work prior to her termination, due to the serious effects of her illness,

31. Plaintiff presented Defendant with medical documents, outlining her health conditions and restrictions on her ability to work at certain times.

32. Plaintiff believes, and therefore avers, that she could perform the essential functions of her job with the Defendant, as defined by 29 C.F.R. Section 1630.2(n), with a reasonable accommodation.

33. The Plaintiff believes, and therefore avers, that the reasonable accommodation that she would have expected from the Defendant would not have constituted any significant hardship to the Defendant.

34. Defendant refused to grant the Plaintiff a reasonable accommodation in violation of the Americans with Disabilities Act regulations, 29 C.F.R. Section 1630.2(o), *i.e.* by the Defendant's refusal to provide Plaintiff with appropriate accommodations set forth hereinabove.

35. Plaintiff believes, and therefore avers, that the Defendant terminated her employment because of her disability, as set forth hereinabove.

36. Plaintiff believes, and therefore avers, that the Defendant regarded her as being disabled.

37. As a result of the Defendant's illegal conduct, the Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's conduct.

38. By reasons of the malicious want and willful conduct of the Defendant, Plaintiff demands punitive damages.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of this Court as provided in the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et. seq.*, and prays for the following:

a. The Defendant be permanently enjoined from discriminating against the Plaintiff on any basis forbidden by the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et. seq.*;

b. The Defendant be ordered to compensation, reimburse, and make whole the Plaintiff for all benefits the Plaintiff would have received had it not been for the Defendant's illegal actions including, but not limited to: pay, benefits, training, promotions, seniority, stock options, and bonuses. Plaintiff should be afforded said benefits illegally withheld from the date of the Plaintiff's termination until the date the Plaintiff is tendered substantially equivalent employment, with interest, on the above withheld amounts to the date of payment:

c. Damages to the Plaintiff to compensate Plaintiff for loss of opportunity, pain, suffering, or other damage duly proved to have been suffered by Plaintiff because of Defendant's unlawful conduct;

d. Punitive damages calculated to be sufficient to deter such misconduct in the future;

e. An award of interest on the above amounts of unpaid wages illegally denied;

f. The cost of this action and a reasonable attorney's fee paid to Plaintiff;

g. Any other relief, equitable or legal, appropriate to remedy the illegal treatment of the Plaintiff by the Defendant, and

h. The Plaintiff demands trial by jury.

**COUNT II**
**UNLAWFUL RETALIATION IN VIOLATION OF**

## THE AMERICANS WITH DISABILITIES ACT

39. Plaintiff incorporates herein by reference to paragraphs 1 through ~~34~~ 38 as if the same were more fully set forth at length herein.

40. Plaintiff engaged in protected activity by asserting her right not to be discriminated against under federal law, based on her request for reasonable leave time.

41. Plaintiff suffers from a medical condition known as fibromyalgia as well as depression, anxiety and stress.

42. Plaintiff believes, and therefore avers, that adverse employment actions were taken against Plaintiff discriminating against her due to disability.

43. Plaintiff believes, and therefore avers, accommodations were necessary for her since she has a disability that makes it difficult to work in a high stress environment.

44. Plaintiff believes, and therefore avers, that her employment termination was carried out in retaliation for her needing accommodations due to her disability.

45. Plaintiff suffered damages as a result of the actions of the Defendant

46. By reasons of malicious, wanton, and willful conduct of the Defendant, Plaintiff demands punitive damages.

WHEREFORE, Plaintiff respectfully invokes the remedial powers of this Court as provided in the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et. seq.,* and prays for the following:

a. The Defendant be permanently enjoined from discriminating against the Plaintiff on any basis forbidden by the applicable law prohibiting retaliation;

b. The Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits, training, promotions, and seniority. Plaintiff should be accorded said

benefits illegally withheld from the date of Plaintiff's termination until the date the Plaintiff is tendered substantially equivalent employment, with interest on the above withheld amounts to the date of payment.

c.  Damages to the Plaintiff to compensate Plaintiff for loss of opportunity, pain, suffering, or other damages duly proved to have been suffered by Plaintiff because of Defendant's unlawful discrimination;

d.  Punitive damages calculated to be sufficient to deter such misconduct in the future;

e.  An award of interest on the above amounts of unpaid wages illegally denied;

f.  The cost of this action and reasonable attorney's fees paid to Plaintiff;

g.  Any other relief equitable or legal, appropriate and power to remedy the illegal treatment of the Plaintiff by the Defendant; and

h.  The Plaintiff demands a trial by jury.

**COUNT III**
**VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT**

47. Plaintiff incorporates herein by reference thereto paragraphs 1 through 42 (46) as if the same were more fully set forth at length herein.

48. Plaintiff filed a disability discrimination charge with the EEOC based on her actual and perceived disabilities.

49. Plaintiff exhausted her administrative remedies with the Pennsylvania Human Relations Commission by cross-filing her administrative complaint with the PHRC.

50. The actions of the Defendant violate the proscriptions of the Pennsylvania Human Relations Act against retaliation against an employee who has raised issues of disability discrimination in the workplace.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Adjudge and decree that Defendant violated the Pennsylvania Human Relations Act;

b. Grant Plaintiff a permanent injunction prohibiting Defendant from engaging in any employment acts, policies, practices or procedures which may retaliate against employees who have raised issues of discrimination in the workplace.

c. Order Defendants to reinstate Plaintiff to her last held position, or in the alternative, to pay damages for lost future wages;

d. Order Defendant to reimburse Plaintiff for wages and other employment benefits lost as a result of the retaliatory policies and practices of the Defendant, including but not limited to back pay and front pay with prejudgment interest, lost health benefits, lost pension contributions, and lost future earning capacity, in amounts to be proven at trial;

e. Award Plaintiff compensatory damages, including for emotional distress suffered as a result of Defendant's retaliatory treatment;

f. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

g. Grant Plaintiff such additional equitable and legal relief as is just and proper.


Respectfully submitted,

DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff, Julia Cattaneo
P.O. Box 3098
Easton, PA  18043
(610) 954-8093
Attorney I.D. No. 25873

## DISMISSAL AND NOTICE OF RIGHTS

To:  Julie Cattaneo
     110 Empire Court
     Bethlehem, PA 18020

From:  Philadelphia District Office
       801 Market Street
       Suite 1300
       Philadelphia, PA 19107

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-02045 | Legal Unit, Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
District Director

5/26/15
(Date Mailed)

Enclosures(s)

cc:  Mary Ellen Jackson, Director
     CENTER FOR HUMANISTIC CHANGE
     110 A Cascade Drive
     Allentown, PA 18109

     Donald P. Russo, Esq.
     Law Offices of Donald P. Russo
     P.O. Box 3098
     Easton, PA 18043

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIA L. CATTANEO, | : | |
| | : | NO: _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CENTER FOR HUMANISTIC | : | |
| CHANGE, INC., | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4 , 2015, a true and correct copy of the foregoing Notice of Removal with Exhibit was sent to:

**Via Hand-Delivery**
Clerk, United States District Court
for the Eastern District of Pennsylvania
504 Hamilton Street
Easton, PA 18042

**Via Overnight Delivery**
Office of Court Administration
Northampton County Courthouse
669 Washington Street
Allentown, PA 18101

**Via Fax and U.S. Mail**
Donald P. Russo, Esquire
PO Box 3098
Easton, PA 18043
Ph: 610-954-8093
Fx: 610-438-3010
*Attorney for Plaintiff*

GROSS McGINLEY, LLP

By: _____
    SAMUEL E. COHEN, ESQUIRE
    PA ID No: 204617
    Attorney for Defendant
    33 South 7th Street
    PO Box 4060
    Allentown, PA 18105-4060
    Phone: (610) 820-5450
    Fax:    (610) 820-6006

Date: 12-4-15

4